## RYDER *v.* BUSHWICK R. Co.

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

RUNNING OF STATUTE OF LIMITATIONS.
    The statute runs against an action for the specific performance of a certificate entitling the holder to shares of the capital stock of a company on surrender of the certificate at the company's office, from the time the company delivers the certificate.

Appeal from special term, Kings county.

Action by Smith Ryder against the Bushwick Railroad Company for the specific performance of certificates dated March, 1868, entitling the holder to 30 shares of the capital stock of defendant company on surrender of the certificates at the company's office. Judgment for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Charles S. Simpkins,* for appellant. *Edwin W. Ivins,* (*Thomas S. Moore,* of counsel,) for respondent.

PRATT, J. The action is equitable. No demand was necessary before bringing suit. The present action could have been brought at once, on the delivery of the certificates. This action was barred by the statute in 10 years from the delivery of the certificates. The statute of limitations is therefore a good defense. Irrespective of that statute, we are of opinion that the origin of the certificates, and the consideration paid therefor, are not shown with sufficient clearness to justify the court in adjudging a specific performance. That relief is, to a certain extent, in the discretion of the court; and, where serious doubt surrounds a transaction, courts of equity often decline to aid a plaintiff, leaving him to his remedy at law. A remedy at law existed in the present case, as an action for damages might have been sustained for a refusal to issue stock. We think the meagerness of the proof of the origin and consideration of the certificates would justify the refusal to decree specific performance. Judgment affirmed, with costs. All concur.